# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDEN A. THOMAS, | Case no. 1:18-cv-00192-DAD-BAM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSIAL OF PLAINTIFF'S COMPLAINT** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS and REHABILITATION and RAYMOND MADDEN, | **FOURTEEN DAY (14) DEADLINE** |
| Defendants. | |

Plaintiff Alden Thomas is a state prisoner proceeding pro se and in forma pauperis in this civil action. Plaintiff's Complaint, entitled "Judicial Notice," is currently before the Court for screening. (ECF No. 1).

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009)

1

(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *Moss*, 572 F.3d at 969.

## II.     Allegations in Plaintiff's Complaint

Plaintiff is currently housed at Centinela State Prison. Plaintiff's complaint titled "Judicial Notice" is an application for entry of judgment by an unknown district court. Plaintiff states that he is making a "special appearance" on behalf of "the Paul Patrick Jolivette, Estate DBA P.A.J. Trust" to enforce a settlement agreement made on behalf of Mr. Jolivette in "another district." (ECF No.1 at 8, 12). Plaintiff moves this Court to register and enter Mr. Jolivette's judgment entered by "another district" in the amount of $10,000,000.00. (ECF No. 1 at 31-32).

## III.    Discussion

### A.     Plaintiff Lacks Standing to Assert a Third Party's Claims

Plaintiff purports to register this judgment on behalf of Mr. Paul Patrick Jolivette. As Plaintiff was previously advised in other screening orders from this district, he does not have standing to assert the rights of another person. *See Thomas v. Superior Court of Cal., Imperial Cty.*, No. 2:17-cv-2408 MCE-AC, 2017 U.S. Dist. LEXIS 191801 (E.D. Cal. Nov. 17, 2017); *Thomas v. Superior Court*, No. 2:17-cv-0638 KJM-DB, 2017 U.S. Dist. LEXIS 177092 (E.D. Cal.

Oct. 24, 2017). In prior cases brought by Plaintiff in this district, the Court has recommended dismissal of Plaintiff's complaint based on the following findings:

> Petitioner has no standing to sue on behalf of a third party. In order to have standing to bring a claim in federal court, a petitioner must (1) assert his or her own rights, rather than rely on the rights or interests of third parties; (2) allege an injury that is more than a generalized grievance; and (3) allege an interest that is arguably within the zone of interests protected or regulated by the statute or constitutional guarantee in question. *Estate of McKinney v. United States*, 71 F.3d 779, 782 n.4 (9th Cir. 1995); *Hong Kong Supermarket v. Kizer*, 830 F.2d 1078, 1081 (9th Cir. 1987). Ordinarily a petitioner does not have standing to complain about the deprivations of the constitutional rights of others. *Powers v. Ohio*, 499 U.S. 400, 410, 111 S. Ct. 1364, 113 L. Ed. 2d 411(1991); *Estate of McKinney*, 71 F.3d at 782 n.4.
>
> Pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and other documents on behalf of prisoners. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself,'" (*quoting C. E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). "Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him." *Id.* (citations omitted).
>
> Petitioner is proceeding pro se and may not proceed with claims brought on behalf of Mr. Jolivette.

*Thomas*, 2017 U.S. Dist. LEXIS 191801, *2. The same holds true in this action and the Court will recommend dismissal on the same grounds. If Mr. Jolivette seeks to enforce a settlement agreement he has entered into, he will either need to do so himself or through a properly licensed attorney.

### B.    Registration of an Unidentified Judgment

Moreover, the Court finds that Plaintiff's attempt to register this foreign judgment is frivolous and lacks validity. Plaintiff and the "debtor" he seeks to represent, "Paul Patrick Jolivette," have filed a multitude of documents within the Ninth Circuit and this district attempting to register and execute on purported foreign judgments. *See Thomas,* 2017 U.S. Dist. LEXIS 191801 at * 1; *Thomas,* 2017 U.S. Dist. LEXIS 177092 at *1; *Jolivette v. California*, 2:13-CV-1882 LKK DAD, 2013 WL 6331356 (E.D. Cal. Dec. 5, 2013); *Jolivette v. People of California*, 3:16-cv-00092, 2016 WL 1714222 (D. Nev. Mar. 10, 2016) (collecting over 15 cases where Mr. Jolivette unsuccessfully attempted to register a foreign judgment).

In *Jolivette v. People of California*, the Nevada district court questioned the validity of the purported foreign judgments upon which Plaintiff has sought to execute. *See Jolivette*, 2016 WL 1714222, *3. That Court found that Mr. Jolivette:

> "had filed a multitude of documents in the District of Nevada where he attempts to register and execute on purported foreign judgments. See 2:14–ms–00004, 2:14–ms–00005, 2:14–ms–00006, 2:14–ms–00007, 2:14–ms–00008, 2:14–ms–00009, 2:14–ms–00015, 2:14–ms–00017, 2:14–ms–00018, 2:13–cv–02322–APG, NJK (2:13–ms–00091), 2:14–cv–00130–JCM–GWF (2:13–ms–00101), 2:14–cv–00131–JCM–PAL (2:13–ms–00099); 2:13–cv–02322–APG–NJK, 2:14–cv–00129–APG–PAL; 2:14–cv–00130–JCM–GWF. In several cases, the district judge assigned to the case has questioned the validity of the purported foreign judgment upon which Plaintiff has sought to execute. See 2:13–cv–02322–APG–NJK, 2:14–cv–00129–APG–PAL.
>
> In 2:14–cv–00129–APG–PAL, the purported judgment debtors were represented by counsel and filed a motion to strike registration of the foreign judgment, a motion to dismiss the action, as well as a motion for sanctions. (2:14–cv–00129–APG–PAL, ECF Nos. 7, 8, 9.) The court ultimately found Plaintiff's action to be factually frivolous and dismissed the action. (2:14–cv–00129–APG–PAL, ECF No. 15.)

*Id.* The Nevada District Court found that "filing these purported foreign judgments appears to be [Mr. Jolivette's] modus operandi therefore, the court sees no reason to allow [Mr. Jolivette] an opportunity to pay the filing fee, and recommends that this action be dismissed with prejudice." *Id.* at *3.

In this action, the Court also questions the validity of the purported judgment alleged by Plaintiff against "the California Department of Corrections and Rehabilitation" and the "State Compensation Insurance Fund" in the amount of $10,000,000.00. There does not appear to be a legally enforceable judgment that has been entered against the California Department of Corrections and for Mr. Jolivette. Indeed, the papers filed in support of the registration, "authorized by the Shaykamaxun Republic Empire," on their face, appear to be frivolous and without merit. (ECF No. 1 at 5). The Court recommends that Plaintiff's action be dismissed.

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to state a cognizable claim. The deficiencies in Plaintiff's complaint cannot be cured by amendment, and thus leave to amend is not warranted. *Lopez v.*

*Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, the Court **HEREBY RECOMMENDS** that this action be dismissed with prejudice for failure to state a cognizable claim for relief pursuant to 28 U.S.C. § 1915A.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 19, 2018**              /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE